UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN DEATON *and* DEATON LAW FIRM, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:23-cv-00415-O |
| STEVEN JOHNSON, BLAKE NORVELL, JENNIFER ANDREWS, *and* JOHNSON LAW FIRM, | § § § § § § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Blake Norvell's Motion to Dismiss and Brief and Appendix in Support (ECF Nos. 67, 68, 69), filed June 30, 2023; Plaintiffs John Deaton and Deaton Law Firm's Response in Opposition to the Motion and Brief and Appendix in Support (ECF Nos. 80, 81, 82), filed August 4, 2023; and Defendant Blake Norvell's Reply in Support of the Motion and Appendix in Support (ECF Nos. 86, 87), filed August 18, 2023. Having reviewed the parties' briefing, appropriate evidence, and applicable law, the Court determines that Defendant Blake Norvell's Motion to Dismiss (ECF No. 67) should be **GRANTED** and Plaintiffs' claims therefore **DISMISSED with prejudice**.

I.      BACKGROUND[1]

Defendant Blake Norvell ("Norvell") is a Texas attorney who represented Margaret Moreno ("Moreno") in a legal malpractice action against Plaintiffs John Deaton, a Rhode Island attorney, and his law firm ("Deaton") as well as Defendants Steven Johnson and his law firm (the "JLF Defendants"). The action arose in connection with the Deaton and the JLF Defendants' failure to distribute settlement funds to Moreno from a class action in which they represented her (the "Moreno Lawsuit").

Norvell and Moreno entered into an engagement agreement demonstrating that Moreno retained Norvell to collect her settlement funds. After the Moreno Lawsuit was referred to Arbitration by the 48th Judicial District Court in Tarrant County, Texas (the "Arbitration"), Deaton and the JLF Defendants filed crossclaims against each other based on their underlying fee-sharing agreement which formed the basis of their joint representation of Moreno. The crossclaims include breach of contract and fraud pertaining to their fee-sharing agreement. Moreno non-suited her claims before the parties proceeded to the Arbitration. Deaton and JLF Defendants proceeded to arbitrate their crossclaims before JAMS arbitrator, the Honorable Mark Whittington (a retired Texas jurist). After considering the parties' evidence and arguments, Justice Whittington issued an award denying all crossclaims except for Deaton's quantum meruit claim brought against the JLF Defendants for fees (the "Award"). The Award was confirmed by the Judicial District Court of Tarrant County and is now the subject of Deaton's appeal in the Second Court of Appeals.

Deaton filed the instant lawsuit in the Rhode Island Superior Court for Providence County, alleging four claims and two specifically against Norvell—namely, Tortious Interference (Count

---

[1] All undisputed facts are drawn from Plaintiffs' Complaint (ECF No. 1-1) unless otherwise specified. At the 12(b)(6) stage, these facts are taken as true and viewed in the light most favorable to Plaintiffs. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

III) and Conspiracy (Count IV). Deaton contends that Norvell conspired with the JLF Defendants to defraud Deaton from his rights under the fee-sharing agreement by filing the Moreno Lawsuit without Moreno's consent. The JLF Defendants removed this case to the United States District Court for the District of Rhode Island on the basis of diversity jurisdiction. The JLF Defendants subsequently filed a motion to transfer venue, requesting that the case be transferred to the Fort Worth Division for the Northern District of Texas, based on the venue and arbitration provision in the engagement agreement between the JLF Defendants and Moreno. The District of Rhode Island granted the JLF Defendants' motion and ordered that the case be transferred here where it was assigned to the undersigned on May 3, 2023.

On June 30, 2023, Defendant Norvell filed the instant Motion to Dismiss Deaton's claims asserted against him pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Upon completion of the parties' briefing, the Motion is now ripe for the Court's review.[3]

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

---

[2] Defs.' Mot. to Dismiss, ECF No. 67.
[3] Defs.' Mot. to Dismiss Br. & App'x., ECF Nos. 68, 69; Pls.' Resp. to Mot. to Dismiss Br. & App'x., ECF Nos. 80, 81, 82; Defs.' Reply Br. & App'x., ECF Nos. 86, 87.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible when the plaintiff pleads factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier*, 509 F.3d at 675. However, the Court is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). A court ruling on a motion to dismiss "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted).[4]

---

[4] Though a court is generally limited to the allegations in the pleading made the subject of a Rule 12(b)(6) motion, a court may also consider documents attached to the complaint and matters which the court may take judicial notice, including "filings, orders and judgments" from previous lawsuits between the parties. *See Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 212-13 (N.D. Tex. 2020); *Torello v. Mortgage Elec. Registration Sys., Inc.*, No. 3:12-CV-3726-O-BH, 2013 WL 3289526, at *4 (N.D. Tex. June 28, 2013). Accordingly, for purposes of this Opinion, the Court considers previous filings, orders, and judgments relevant to this case that are referenced in the Complaint and in the Motion to Dismiss.

### III. ANALYSIS

In the instant Motion to Dismiss, Norvell contends that Deaton's claims in connection with the Moreno Lawsuit are barred by the doctrine of attorney immunity, the doctrines of res judicata and collateral estoppel, and the applicable statute of limitations. The Court finds that res judicata and collateral estoppel serve as a bar to each of Deaton's claims.

#### A. Legal Standard

The term res judicata comprises two distinct doctrines regarding the preclusive effect of prior litigation: (1) claim preclusion, sometimes called true res judicata, and (2) issue preclusion, commonly known as collateral estoppel. *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020*); Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Res judicata

> prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated. If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

*Lucky Brand Dungarees*, 140 S. Ct. at 1594 (citation omitted).

Res judicata applies when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*, 37 F.4th 1078, 1087 (5th Cir. 2022). Collateral estoppel "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Lucky Brand Dungarees*, 140 S. Ct. at 1594.

Unlike res judicata, the doctrine of collateral estoppel "does not bar successive claims, it bars successive litigation over the same issue." *In re Flores*, No. BANKR. 07-52684-LMC, 2008

5

WL 2008617, at *3 (Bankr. W.D. Tex. May 6, 2008). Collateral estoppel applies when (1) the parties are identical or in privity; (2) the identical issue was previously adjudicated; (3) the issue was actually litigated; and (4) the previous determination was necessary to the decision. *Students for Fair Admissions*, 37 F.4th at 1089 n.16; *In re Westmoreland Coal Co.*, 968 F.3d 526, 532 (5th Cir. 2020).

Both doctrines apply equally with respect to a final judgment confirming an arbitration award. *See In re Clem*, 583 B.R. 329, 340 (Bankr. N.D. Tex. 2017); *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 270 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *see also Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 166–67 (5th Cir. 1998) (concluding that a party who did not participate in the arbitration process was nevertheless bound by its award where the non-participating parties had "related and congruent interests" with the participating parties).

### B. Res Judicata and Collateral Estoppel Preclude Deaton's Claims

Deaton's tortious claims against Norvell are based upon the representation of Moreno and filing of the Moreno Lawsuit that resulted in the Award confirmed by the Tarrant County district court.[5] The Award denied the very same claims that Deaton asserts in this lawsuit.[6] As Deaton concedes, all of the parties named in this case were parties or parties in privity to the Moreno Lawsuit.[7] Specifically, Deaton alleges that Norvell filed the Moreno Lawsuit against the JLF Defendants and Deaton as Moreno's attorney to assist her in collecting the settlement funds.[8] Deaton and JLF Defendants in turn asserted cross-claims against each other based on their dispute

---

[5] Pls.' Complaint ¶¶ 145–60, ECF No. 1-1; *see also* Defs.' App'x. 251, ECF No. 69.
[6] Defs.' App'x. 172, 251, ECF No. 69.
[7] Pls.' Complaint ¶¶ 74–128, ECF No. 1-1.
[8] Pls. Complaint ¶¶ 73, 93, ECF No. 1-1; *see also* Defs.' App'x. 29, ECF No. 69.

over the attorneys' fees generated through representation of Moreno.[9] Therefore, the first element of both res judicata and collateral estoppel is satisfied in that all of the parties named in this case were parties or in privity with parties in the Moreno Lawsuit.

In the Moreno Lawsuit, Deaton and the JLF Defendants actually litigated all issues relating to and arising out of their attorney fee-sharing agreement, including claims for breach of contract, quantum meruit, fraud, fraudulent inducement, fraud by non-disclosure, and attorneys' fees.[10] After considering evidence from the parties, Justice Whittington denied all of their claims with the exception of Deaton's quantum meruit claim, and the Tarrant County district court entered a final judgment confirming the Award and holding that "all disputes between the parties, including any dispute between JLF and Deaton relating to claims of breach of the fee agreement(s) between them and all other disputes and issues raised by the pleadings in this case have been fully resolved as set forth in the Final Award and/or waived or dismissed with prejudice."[11]

Despite this, Deaton once again asserts claims for damages based on its fee-sharing agreement with the JLF Defendants, including claims for breach of contract, fraud, fraudulent inducement, tortious interference, and conspiracy.[12] With respect to Norvell, Deaton alleges that by filing the Moreno Lawsuit, Norvell tortiously interfered and conspired with the JLF Defendants to defraud Deaton from its rights under their fee-sharing agreement.[13] Deaton not only had the opportunity to assert such claims in the Moreno Lawsuit but, *a fortiori*, was affirmatively ordered to litigate its fee-sharing claims in the Moreno Lawsuit by the 48th District Court of Tarrant County, which was affirmed once by the Second Court of Appeals, and twice by the Texas Supreme

---

[9] Defs.' App'x. 41, 156, ECF No. 69.
[10] *Id*. at 41, 156, 172.
[11] Defs.' App'x. 195, 252, ECF No. 69.
[12] Pls.' Complaint ¶¶ 130–60, ECF. 1-1.
[13] *Id*. at ¶¶ 145–60.

Court.[14] Nonetheless, Deaton still did not assert any such claims. Instead, Deaton proceeded to the Arbitration solely on its crossclaims against the JLF Defendants, resulting in the finalized Award. Deaton's latest appeal to the Second Court of Appeals contends that the Tarrant County district court improperly ordered it to arbitrate the claims—despite the Texas Supreme Court's previous affirmation of the trial court's decision to confirm the Award.[15]

In light of the previous decisions rendered in the Moreno Lawsuit—specifically those of the Second Court of Appeals and Texas Supreme Court, as well as the Award issued by Justice Whittington—the Court agrees that Deaton's claims in this case cannot proceed because they have been thoroughly litigated to final judgment in multiple courts of competent jurisdiction. To the extent Deaton's tortious interference and conspiracy claims may be considered new claims, Deaton has waived any right to assert them because they could have been asserted in the Moreno Lawsuit. Since the Award issued in the Moreno Lawsuit satisfies all elements of res judicata and collateral estoppel, the Court holds that both doctrines preclude the assertion of Deaton's claims in this case.

\* \* \* \*

Despite viewing the facts in the light most favorable to Plaintiffs, the Court nonetheless concludes that they fall short of stating a claim in which relief can be granted. Because Plaintiffs' claims are barred by res judicata and collateral estoppel, the Court is of the opinion that the instant Motion to Dismiss Plaintiffs' claims should be **GRANTED**.

---

[14] Defs.' App'x. 97, 135, 154, 203, ECF No. 69.
[15] *Id.* at 273.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant Blake Norvell's Motion to Dismiss (ECF No. 67) is **GRANTED** and Plaintiffs John Deaton and Deaton Law Firm's claims asserted against Defendant Blake Norvell are **DISMISSED with prejudice**.

**SO ORDERED** on this **12th day** of **February, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE