UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN DEATON *and* DEATON LAW FIRM, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:23-cv-00415-O |
| STEVEN JOHNSON, JENNIFER ANDREWS, *and* JOHNSON LAW FIRM, | § § § § § § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Steven Johnson and Johnson Law Firm's Motion for Sanctions, to Declare Plaintiffs "Vexatious Litigants," and to Order Plaintiffs to Provide Security, and Brief and Appendices in Support (ECF Nos. 70, 71, 72, 73), filed July 3, 2023; Plaintiffs John Deaton and Deaton Law Firm's Response in Opposition to Defendants' Motion for Sanctions, and Brief and Appendix in Support (ECF Nos. 83, 84, 85), filed August 7, 2023; Defendants' Reply in Support of the Motion for Sanctions (ECF No. 88), filed September 5, 2023; Defendants Steven Johnson, Johnson Law Firm, and Jennifer Andrews' Joint Status Report (ECF No. 91), filed February 14, 2024; and Plaintiffs' Response to Defendants' Joint Status Report (ECF No. 93), filed February 19, 2024.

Having considered the foregoing, the Court is of the opinion that: (1) Plaintiffs John Deaton and Deaton Law Firm's claims asserted against Defendants Steven Johnson, Johnson Law Firm,

and Jennifer Andrews should be **DISMISSED with prejudice**; and (2) Defendants Steven Johnson and Johnson Law Firm's Motion for Sanctions (ECF No. 70) should be **DENIED**.

## I. BACKGROUND[1]

Plaintiffs John Deaton, a Rhode Island attorney, and his law firm ("Deaton") alleges four claims against Defendants Steven Johnson and his law firm (the "JLF Defendants")—Breach of Contract (Count I), Fraud and Fraud in the Inducement (Count II), Tortious Interference (Count III), and Conspiracy (Count IV). Deaton also alleges two of these claims against Defendant Jennifer Andrews ("Andrews")—Tortious Interference (Count III) and Conspiracy (Count IV). Deaton has already litigated, or had the opportunity to litigate, the claims asserted against the JLF Defendants and Jennifer Andrews.

Defendant Blake Norvell ("Norvell") is a Texas attorney who represented Margaret Moreno ("Moreno") in a legal malpractice action against Deaton and the JLF Defendants. The action arose in connection with Deaton and the JLF Defendants' failure to distribute settlement funds to Moreno from a class action in which they represented her (the "Moreno Lawsuit"). After the Moreno Lawsuit was referred to Arbitration by the 48th Judicial District in Tarrant County, Texas (the "Arbitration"), Deaton and the JLF Defendants filed crossclaims against each other based on their underlying fee-sharing agreement which formed the basis of their joint representation of Moreno. The crossclaims included breach of contract and fraud pertaining to their fee-sharing agreement.

The Judicial District Court ordered Deaton and the JLF Defendants to arbitrate their crossclaims against each other (the "JAMS Arbitration"). Deaton and JLF Defendants proceeded

---

[1] All undisputed facts are drawn from Plaintiffs' Complaint (ECF No. 1-1) unless otherwise specified. At the 12(b)(6) stage, these facts are taken as true and viewed in the light most favorable to Plaintiffs. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

to arbitrate their crossclaims before JAMS arbitrator, the Honorable Mark Whittington (a retired Texas jurist). After considering the parties' evidence and arguments, Justice Whittington issued an award denying all crossclaims except for Deaton's quantum meruit claim brought against the JLF Defendants for fees (the "Award"). The Award was confirmed in a judgment by the Judicial District Court and is now the subject of Deaton's appeal in the Second Court of Appeals.

Deaton filed the instant lawsuit in the Rhode Island Superior Court for Providence County, alleging four claims against the JLF Defendants, Andrews, and Norvell. The JLF Defendants removed this case to the U.S. District Court for the District of Rhode Island on the basis of diversity jurisdiction. The JLF Defendants subsequently moved to transfer venue to the Fort Worth Division of the Northern District of Texas based on certain provisions within their engagement agreement with Moreno. The District of Rhode Island granted the JLF Defendants' motion and ordered that the case be transferred to the Northern District of Texas, Fort Worth Division, where it was assigned to the undersigned on May 3, 2023.

On June 30, 2023, Norvell moved to dismiss Deaton's claims asserted against him pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] On February 12, 2024, the Court issued a Memorandum Opinion and Order granting the motion and dismissing Deaton's claims against Norvell with prejudice.[3] The Court subsequently ordered Andrews and the JLF Defendants to submit a joint report indicating whether the Court should apply the determination made in its February 12, 2024 Memorandum Opinion & Order to the claims asserted by Deaton against Andrews and the JLF Defendants—and to that end—whether or not the entirety of Deaton's

---

[2] Defs.' Mot. to Dismiss, ECF No. 67.
[3] Mem. Op. & Order, ECF No. 89.

Complaint, along with the above-captioned case, should be dismissed with prejudice to the refiling of the same.[4]

In their February 14, 2024 Joint Status Report, Andrews and the JLF Defendants maintained that the Court's dismissal with prejudice of Deaton's claims against Norvel should also apply to Deaton's claims against them.[5] The JLF Defendants further requested that the case remain open and the Court rule on their sanctions motion asserted against Deaton.[6] On February 14, 2024, the Court ordered Deaton respond to the Joint Status Report.[7] While Deaton's February 19, 2024 Response addressed the merits of the sanctions motion and further requested a stay pending appeal of the Award, it neglected to address the outstanding issue of whether the disposition of the Court's February 12, 2024 Memorandum Opinion & Order should similarly apply to the claims brought against Andrews and the JLF Defendants.[8] This outstanding issue, as well as the Motion for Sanctions, are now ripe for the Court's review.

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this

---

[4] Order, ECF No. 90.
[5] Joint Status Report, ECF No. 91.
[6] *Id.*; *see* Mot. for Sanctions, ECF No. 70.
[7] Order, ECF No. 92.
[8] Plaintiffs' Response, ECF No. 93.

standard, the defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible when the plaintiff pleads factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier*, 509 F.3d at 675. However, the Court is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). A court ruling on a motion to dismiss "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted).[9]

---

[9] Though courts are generally limited to the allegations provided in the pleadings that are subject to a Rule 12(b)(6) motion, a court may also consider documents attached to the complaint and matters in which the court may take judicial notice, such as "filings, orders and judgments" from previous lawsuits between the parties. *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 212-13 (N.D. Tex. 2020); *Torello v. Mortgage Elec. Registration Sys., Inc.*, No. 3:12-CV-3726-O-BH, 2013 WL 3289526, at *4 (N.D. Tex. June 28, 2013). For purposes of this Opinion, the Court will therefore consider relevant filings, orders, and judgments from previous litigation that are referenced in the Complaint or produced elsewhere in the record.

### B.  Motion for Vexatious Litigation Sanctions under Federal Law

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Fifth Circuit instructs that sanctions under this statute should be "'sparingly applied.'" *Meadowbriar Home for Children v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (citing *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994)). "An award of attorneys' fees under § 1927 requires 'evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.'" *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871 (5th Cir. 2014) (quoting *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 180 (5th Cir. 2007)). On top of this evidentiary hurdle, the Fifth Circuit has further elaborated that these statutory sanctions are punitive in nature and thus require "'clear and convincing evidence, that *every* facet of the litigation was patently meritless.'" *Bryant v. Mil. Dep't of Mississippi*, 597 F.3d 678, 694 (5th Cir. 2010) (quoting *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525–26 (5th Cir. 2002) (emphasis in original)).

### C.  Motion to Declare Vexatious Litigants and Require Security under Texas Law

Federal courts located within the State of Texas possess the authority to adjudicate motions for relief pursuant to the Texas Vexatious Litigant Statute. *See, e.g.*, *Baldwin v. Zurich Am. Ins. Co.*, No. 1:17-CV-149-RP, 2017 WL 2963515, at *4 (W.D. Tex. July 11, 2017). Under the Texas Vexatious Litigant Statute, a defendant may—on or before the 90th day after the date in which he or she files an original answer or specially appears in a litigation—move the court for an order: "(1) determining that the plaintiff is a vexatious litigant; and (2) requiring the plaintiff to furnish security." Tex. Civ. Prac. & Rem. Code § 11.051. A court may determine that the plaintiff is a

vexatious litigant if the defendant shows that "there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that: . . . after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, in propria persona, either: (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined[.]" *Id.* § 11.054(2).

### III. ANALYSIS

In his Motion to Dismiss, Norvell contended that Deaton's claims in connection with the Moreno Lawsuit are barred by the doctrine of attorney immunity, the doctrines of res judicata and collateral estoppel, and the applicable statute of limitations.[10] In its previous Memorandum Opinion and Order, the Court determined that res judicata and collateral estoppel preclude the assertion of Deaton's claims against Norvell.[11] Having reviewed the parties' briefing, evidence, and applicable law, the Court here further determines that: (A) the assertion of Deaton's claims against Andrews and the JLF Defendants are precluded by the same two doctrines, and should therefore be **DISSMISSED with prejudice**, while (B) the JLF Defendants' Motion for Sanctions should be **DENIED**.

#### A. The Doctrines of Res Judicata and Collateral Estoppel Warrant Dismissal

1. Legal Standards

The term res judicata comprises two distinct doctrines regarding the preclusive effect of prior litigation: (1) claim preclusion, sometimes called true res judicata, and (2) issue preclusion, commonly known as collateral estoppel. *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp.*,

---

[10] Mem. Op. & Order 5, ECF No. 89.
[11] *Id.* at 5-8.

Inc., 140 S. Ct. 1589, 1594 (2020*); Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Res judicata

> prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated. If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

*Lucky Brand Dungarees*, 140 S. Ct. at 1594 (citation omitted).

Res judicata applies when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*, 37 F.4th 1078, 1087 (5th Cir. 2022). Collateral estoppel "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Lucky Brand Dungarees*, 140 S. Ct. at 1594.

Unlike res judicata, the doctrine of collateral estoppel "does not bar successive claims, it bars successive litigation over the same issue." *In re Flores*, No. BANKR. 07-52684-LMC, 2008 WL 2008617, at *3 (Bankr. W.D. Tex. May 6, 2008). Collateral estoppel applies when (1) the parties are identical or in privity; (2) the identical issue was previously adjudicated; (3) the issue was actually litigated; and (4) the previous determination was necessary to the decision. *Students for Fair Admissions*, 37 F.4th at 1089 n.16; *In re Westmoreland Coal Co.*, 968 F.3d 526, 532 (5th Cir. 2020).

Both doctrines apply with equal weight to a final judgment confirming an arbitration award. *See In re Clem*, 583 B.R. 329, 340 (Bankr. N.D. Tex. 2017); *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 270 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *see also Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc*., 138 F.3d 160,

8

166–67 (5th Cir. 1998) (concluding that a party who did not participate in the arbitration process was nevertheless bound by its award where the non-participating parties had "related and congruent interests" with the participating parties).

### 2. The Doctrines Preclude Deaton's Claims against the JLF Defendants

Deaton and the JLF Defendants were parties to a legal action in the Moreno Lawsuit, where the parties were ordered to arbitrate any disputes between them. The JAMS Arbitration resulted in the Award, which was finalized and confirmed with an entry of judgment thereon.

The Court has already found that "all of the parties named in this case were parties or parties in privity to the Moreno Lawsuit."[12] Although Defendant Steven Johnson was not an individually named party to the JAMS Arbitration or the Moreno Lawsuit, he is the principal of Defendant Johnson Law Firm. Defendant Steven Johnson was therefore in privity with Defendant Johnson Law Firm. This relationship supports the determination that "all of the parties named in this case were parties or parties in privity to the Moreno Lawsuit" and the JAMS Arbitration.[13] Accordingly, res judicata and collateral estoppel are similarly applicable to the claims brought against Defendant Steven Johnson individually.

All four claims asserted by Deaton against the JLF Defendants were already actually litigated or could have been litigated in the JAMS Arbitration and were resolved in the judgment confirming the Award. Res judicata bars the litigation of claims or defenses that were or could have been—or as with the arbitration order in this case, were affirmatively *required* to be—previously litigated in a prior proceeding.[14] The claims asserted by Deaton in the JAMS Arbitration encompass the same breach of contract and fraud claims against the JLF Defendants that Deaton

---

[12] Mem. Op. & Order 6, ECF No. 89.
[13] *Id.*
[14] *Id.* at 7-8.

attempts to re-assert in this case.[15] Consequently, all of the claims that Deaton *now* asserts against the JLF Defendants have either already been adjudicated or could have been adjudicated—and thereby reduced to a final judgment on the merits by a court of competent jurisdiction. This satisfies the elements of res judicata.

Accordingly, the Court concludes that all of Deaton's claims asserted against the JLF Defendants in this case should be **DISMISSED with prejudice**.

### 3. The Doctrines Preclude Deaton's Claims against Andrews

Deaton's claims against Andrews for tortious interference and conspiracy are based on her representation of the Johnson Law Firm in the Moreno Lawsuit. It is undisputed that at all relevant times, Andrews acted as counsel for the Johnson Law Firm in the underlying Moreno Lawsuit and was in privity thereto.

Parallel to Deaton's claims against Norvell—who at all times acted as counsel for Moreno in the Moreno Lawsuit—Deaton alleges that Andrews, as attorney for the Johnson Law Firm, tortiously interfered and conspired with the JLF Defendants and Norvell to defraud Deaton of his rights under the fee-sharing agreement. Like those asserted against Norvell, Deaton's claims against Andrews are based on her representation of Deaton's litigation opponent in the Moreno Lawsuit that culminated in the Award and judgment-confirmation thereof. The applicability of the Court's analysis of Deaton's claims against Norvell on the issues of res judicata and collateral estoppel therefore extends to Deaton's claims against Andrews.[16]

Moreover, because Andrews was in privity with the JLF Defendants to the Moreno Lawsuit, the Court's prior analysis of Deaton's claims against the JLF Defendants on the issues of

---

[15] *Compare* Deaton's Amended Statement of Claims 152-59, ECF No. 69-1, *with* Deaton's Complaint ¶¶ 129-144, ECF No. 1-1.
[16] *See* Mem. Op. & Order 6-8, ECF No. 89.

res judicata and collateral estoppel is similarly applicable to Deaton's claims against Andrews. Since these doctrines preclude Deaton's claims against the JLF Defendants, so too do they preclude Deaton's claims against Andrews.

Accordingly, the Court concludes that all of Deaton's claims asserted against Andrews in this case should be **DISMISSED with prejudice**.

### B. Vexatious Litigation Sanctions are Unwarranted

To prevail on a motion for federal vexatious litigation sanctions in the Fifth Circuit, the JLF Defendants are required to proffer clear and convincing evidence that "*every* facet of [this] litigation was patently meritless" as well as evidence of Deaton's "bad faith, improper motive, or reckless disregard of the duty owed to the court." *Bryant*, 597 F.3d at 694 (cleaned up). Upon review, the Court is not persuaded by the JLF Defendants' reliance on out-of-circuit decisions applying section 1927. Nor is it persuaded that the evidence presented meets the considerably high burden demanded by Fifth Circuit precedent to merit sanctions under section 1927. Concerning whether Deaton should be declared a vexatious litigant and be required to furnish security under the Texas Vexatious Litigant Statute, the Court finds the JLF Defendants' request to be untimely and further mooted by the dismissal of all claims in this case.

Accordingly, the Court concludes that all relief prayed in the JLF Defendants' Motion for Sanctions should be **DENIED**.

### IV.   CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiffs John Deaton and Deaton Law Firm's claims asserted against Defendants Steven Johnson, Johnson Law Firm, and Jennifer Andrews are **DISMISSED with prejudice**; and Defendants Steven Johnson and Johnson Law Firm's Motion for Sanctions (ECF No. 70) is **DENIED**.

Considering his recent history and pattern of filing multiple redundant lawsuits across different jurisdictions that assert identical and/or substantially similar causes of action, **Mr. John Deaton** is hereby **WARNED** that his filing of any additional lawsuits in the Northern District of Texas, Fort Worth Division, which are of a similarly duplicative or antagonistic nature **SHALL** result in either a monetary sanction assessed against him, or an injunction restraining his capacity to file or otherwise appear in any prospective lawsuit in the Fort Worth Division without the preclearance of the District Court, or both.

**SO ORDERED** on this **4th day** of **March, 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**