**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOHN DEATON, ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-CV-00415-O** |
| | § | |
| **STEVEN JOHNSON, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## OPINION AND ORDER

Before the Court are Defendants' Motion to Reopen Case and for Injunctive Relief and Brief in Support (ECF Nos. 96–97); Plaintiffs' Objection to the Motion to Reopen Case and for Injunctive Relief and Brief in Support (ECF Nos. 102–103); and Defendants' Reply and Appendix in Support (ECF Nos. 107–108). Having considered the Motions, briefing, and applicable law, the Court **DENIES** Defendants' Motion to Reopen the Case and for Injunctive Relief (ECF No. 96). All other motions are **DENIED** as moot (ECF No. 100).

## I. BACKGROUND[1]

This case arises from a dispute between John Deaton and Steven Johnson that took place over ten years ago. In 2008, Plaintiffs John Deaton, a Rhode Island attorney, and his law firm ("Plaintiff") and Defendants Steven Johnson and his Law firm (the "JLF Defendants") entered into an agreement in which Plaintiff would serve as local counsel for a variety of JLF Defendants' clients in Rhode Island for cases related to personal injury suits regarding Kugel Mesh.

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Defs.' Mot. Reopen Case and Injunctive Relief, ECF No. 96–97.

In 2016, a disagreement arose because Plaintiff claimed he was entitled to $1,000,000 in fees related to his representation of JLF Defendants' clients in Rhode Island. Plaintiff first sued JLF Defendants in Rhode Island Superior Court in 2016. Justice Alice Gibney (Ret.), without adjudicating the underlying dispute between parties, ordered that $1,000,000 be segregated in an escrow account until all disputes were resolved ("Segregation Order"). Accordingly, Garretson Resolution Group ("GRG"), a third-party settlement fund administrator, segregated $1,000,000 of the settlements from the Kugel Mesh cases.

Around the same time in 2017, Plaintiff was involved in a lawsuit against JLF Defendants in the Tarrant County district court. *Deaton v. Johnson*, 2017 WL 2991939, at *3 (Tex. App. Ct. July 14, 2017). In that case, Defendant Blake Norvell ("Norvell"). a Texas attorney, represented Margaret Moreno ("Moreno") in a legal malpractice action against Plaintiff and the JLF Defendants. The action arose in connection with Plaintiff and the JLF Defendants' failure to distribute settlement funds to Moreno from a class action in which both JLF Defendants and Plaintiff represented her. The 48th Judicial District in Tarrant County, Texas referred this malpractice action to Arbitration. Both Plaintiff and JLF Defendants were co-defendants in this action. During the arbitration, Plaintiff and JLF Defendants subsequently filed crossclaims against each other based on their underlying fee-sharing agreement which formed the basis of their joint representation of Moreno. The crossclaims included breach of contract and fraud pertaining to their fee-sharing agreement. Here, Plaintiff had the opportunity to raise any claims that he had against JLF Defendants related to his representation of JLF Defendants clients in the Kugel Mesh cases. So, he did.

Arbitration began in 2018 in Texas between Plaintiff and JLF Defendants and concluded on March 29, 2022, when the arbitrator entered a final arbitration award ("Final Arbitration

Award").[2] Plaintiff was awarded $135,000 for his quantum meruit claim, while all his other claims were denied. In response, the Tarrant County District Court entered a final judgment on July 5, 2022, confirming the Final Arbitration Award.[3] Plaintiff appealed, and the Texas Court of Appeals affirmed. *See Deaton et al. v. Law Offices of Steven M. Johnson, P.C.*, 697 S.W.3d 676 (Tex. App. 2024).

After all of Plaintiff's claims had been arbitrated and adjudicated by the Texas state courts, Plaintiff decided to file yet another lawsuit against JLF Defendants in Rhode Island Superior Court on May 22, 2022. Plaintiff once again claimed entitlement to settlement funds that he believed he was owed because of his representation of JLF Defendants' clients. JLF Defendants removed this case to the U.S. District Court for the District of Rhode Island based on diversity jurisdiction. JLF Defendants moved to transfer venue to the Fort Worth Division of the Northern District of Texas based on certain provisions within their engagement agreement with Moreno. The District of Rhode Island granted the JLF Defendants' motion and ordered that the case be transferred to the Northern District of Texas, Fort Worth Division, where it was assigned to the undersigned on May 3, 2023.

This Court entered a Memorandum Opinion and Order, ECF No. 94, and Final Judgment, ECF No. 95, dismissing Plaintiff's claims with prejudice on the grounds of res judicata. The Court dismissed "all claims and causes of action asserted against" JLF Defendants and "all other claims or causes of action which could have been asserted by" Plaintiff.[4] Additionally, the Court did not address the underlying merits of Plaintiff's claims—those claims were previously adjudicated, and

[2] Defs.' Mot. Reopen Case and Injunctive Relief, Ex. F (JAMS Arbitration), App. 3–25, ECF No. 97-6.
[3] Defs.' Mot. Reopen Case and Injunctive Relief, Ex. G (Order and Final Judgment), App. 3–6, ECF No. 97-7.
[4] Final Judgment, ECF No. 95.

final judgment was entered by another court of competent jurisdiction. *Deaton et al.*, 697 S.W.3d 676.

On June 21, 2025, a year after this Court entered Final Judgment dismissing all claims, Plaintiff filed a Motion to Disburse in Rhode Island Superior Court against Epiq Global (formerly, Garretson Resolution Group, "GRG"). JLF Defendants intervened alleging that Plaintiff's claims in the Motion to Disburse in Rhode Island had already been adjudicated by the Texas arbitration of 2024. To stop Plaintiff, JLF Defendants ask this Court to exercise its equitable powers and enjoin both Plaintiff from bringing his Motion to Disburse in Rhode Island Superior Court and the Rhode Island Superior Court from deciding his Motion (ECF No. 96). JLF Defendants also ask this Court to send any further claims to arbitration. The Motions are now ripe for this Court's review.

## II. LEGAL STANDARD

### A. Anti-Injunction Act, 28 U.S.C. § 2283.

Since its inception, our nation has operated under a dual system of federal and state courts. Yet, an inherent tension exists between them just by nature of their parallel functions. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). Although federal courts possess authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions[,]" 28 U.S.C. § 1651, to prevent federal courts from encroaching upon state court matters, the Judiciary Act of 1793 recognized that no "writ of injunction [shall] be granted to stay proceedings in any court of state." Act of Mar. 2, 1793, ch. 22, § 5, 1 Stat. 335. Later, in 1948, Congress formally codified this principle under 28 U.S.C. § 2283—known as the Anti-Injunction Act—to promote and preserve a balance between judicial systems. *Chick Kam Choo*, 486 U.S. at 146; 28 U.S.C. § 2283. At its

core, the Act's "message is one of respect for state courts." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011).

The text of the Anti-Injunction Act is quite clear: "A court of the United States may *not* grant an injunction to stay proceedings in a State court." 28 U.S.C. § 2283 (emphasis added). Congress did, however, carve out three exceptions for when a federal court may enjoin a state court from pursuing adjudication over a claim: (1) if it is expressly authorized by Act of Congress, (2) where necessary in aid of its jurisdiction, and (3) to protect or effectuate a federal court's judgments. *Id.* The Supreme Court directs lower courts to narrowly construe these exceptions—"not [to] be enlarged by loose statutory construction." *Chick Kam Choo*, 486 U.S. at 146 (quoting *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 389 U.S. 281, 287 (1970)). Lower courts are instructed that "any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Smith*, 564 U.S. at 306 (quoting *Atlantic Coast Line R. Co.*, 398 U.S. at 297).

Applicable here is the third exception, also known as the relitigation exception, which rests on the principles of res judicata. *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 675 (5th Cir. 2003). The basic idea is that a party cannot relitigate a claim in state court once a federal court has already adjudicated the matter. *Chick Kam Choo*, 486 U.S. at 147 ("The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court."). To preserve the federal court's judgment, under this exception, a federal court may issue an injunction barring the state court from considering the claim. Like *res judicata*, the relitigation exception requires that (1) the parties in the state action must be identical (or at least in privity with) the parties in the previous federal action, (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction, (3) the

prior action must have concluded with a final judgment on the merits, and (4) the same claim or cause of action must be involved in both suits. *New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000) (quoting *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)).

Importantly, the previous claim before the federal court must have been *actually* decided for the exception to apply. *Smith*, 564 U.S. at 302 ("the issue presented in the state court [has to be] identical to the one decided in the federal tribunal"); *Texas Com. Bank Nat. Ass'n v. State of Fla.*, 138 F.3d 179, 182 (5th Cir. 1998) ("an issue must be 'actually litigated' in federal court before an injunction can issue under the relitigation exception"). For example, in *Chick Kam Choo* the Supreme Court found that the relitigation exception did not apply because the federal court's order rested its analysis on *forum non conveniens* grounds. *Chick Kam Choo*, 486 U.S. at 150. The state court was not barred from hearing the case simply because the federal court had deemed the claims nonjusticiable. *Id.* Because the federal court had not decided the claims on the merits, it became the state court's responsibility to decide whether the claim before them was reviewable. *Id.* at 151.

The same principle can be applied to the doctrine of preclusion. When a court applies the preclusion doctrines of res judicata or collateral estoppel, it does not evaluate, consider, nor adjudicate the underlying claims. Rather the court asks whether the claim itself has been litigated before. A decision on the merits answers the substance of the dispute, whereas a nonjusticiable ruling is a determination preventing the court from reaching those claims in the first place. Applying *Chick Kam Choo* to the question of preclusion, a federal court may not enjoin a state court when the federal court's previous order rested its judgment on preclusion grounds; so, it is up to the "the state court [to] decide the preclusion question." *Smith*, 564 U.S. at 318.

**B. All Writs Act, 28 U.S.C. § 1561.**

The All Writs Act, an equitable instrument, allows federal courts to "issue all writs necessary or appropriate" to aid their jurisdiction and to protect their judgments. 28 U.S.C. § 1651. "[B]ecause federal courts, being courts of limited jurisdiction, would not otherwise possess the tools necessary to implement their jurisdictional grants[,]" the All Writs Act is a powerful tool possessed by the federal courts. *ITT Community Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978). The origins of the All Writs Act can be traced back to legal principles that predate the founding, and like the Anti-Injunction Act, the All Writs Act can be found in founding era legislation. *See* Jud. Act 1789, § 14. This law was later codified by Congress in 28 U.S.C. § 1651 ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usage and principles of law.").

The Fifth Circuit has instructed that the "scope of . . . the All Writs Act depends on the nature of the case before the court and the legitimacy of the ends sought to be achieved through the exercise of the power." *In re Lease Oil Antitrust Litigation No. II*, 48 F.Supp.2d 699, 703 (S.D. Tex. 1998) (quoting *ITT Community Dev. Corp. v. Barton*, 569 F.2d 1351, 1358–59 (5th Cir. 1978)) (cleaned up). Like the Anti-Injunction Act exceptions, any use of the All Writs Act by a court must be applied narrowly. *United States v. New York Telephone Co.*, 434 U.S. 159, 172–73 (1977). Specifically, any injunction issued via the All Writs Act shall be "directed at conduct which, left unchecked, would have had the practical effect of diminishing the court's power to bring the litigation to its natural conclusion." *Barton*, 569 F.2d at 1358–59. Thus, if a litigant's

conduct is "not shown to be detrimental to the court's jurisdiction or exercise thereof" the litigant cannot be enjoined by a court under the Act. *Id.* at 1359.

## III. ANALYSIS

### A. The Anti-Injunction Act's Re-Litigation Exception Does Not Apply Because this Court Did Not Adjudicate the Claim on the Merits.

JLF Defendants urge this Court to apply the relitigation exception of the Anti-Injunction Act to enjoin Rhode Island Superior Court from adjudicating the Motion to Disburse filed by Deaton in June 2025.[5] JLF Defendants argue that because Plaintiff's claims have already been adjudicated during the Texas arbitration and because this Court dismissed Plaintiff's previous claim on res judiciata grounds, that the relitigation exception applies.[6] Plaintiff does not deny that he brought claims against JLF Defendants in this Court in 2022.[7] Plaintiff instead argues that the relitigation exception does not apply because this Court did not actually adjudicate the claim on the merits.[8] The Court agrees with the Plaintiff.

JLF Defendants have not established that all four elements of the relitigation exception of the Anti-Injunction Act are met. JLF Defendants had to establish that (1) the parties in the state action are identical (or at least in privity with) the parties in the previous federal action, (2) the judgment in the prior action was rendered by a court of competent jurisdiction, (3) the prior action concluded with a final judgment on the merits, and (4) the same claim or cause of action was involved in both suits. *New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000) (quoting *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)).

#### 1. <u>The first, second, and fourth elements have been met.</u>

---

[5] Defs.' Mot. Reopen Case and Injunctive Relief, Ex. A (Motion to Order Equip Global, As Successor to Garretson Resolution Group to Disburse the March 11, 2016 Lein), App. 2–19, ECF No. 97-1.
[6] Defs.' Mot. Reopen Case and Injunctive Relief 14, ECF No. 97.
[7] Pl.'s Br. Resp. Mot. Reopen Case and Injunctive Relief 3, ECF No. 103.
[8] *Id.* at 5.

As to the first element, JLF Defendants demonstrate that the parties in the state action are in privity with the parties in the previous federal action. Plaintiff and JLF Defendants were named parties in the federal action brought before this Court in 2022.[9] In the current state action before Rhode Island Superior Court, Plaintiff once again brings suit, but this time against Eqip Global, a third-party settlement fund administrator.[10] As JLF Defendants note, Eqip Global is merely a "nominal party."[11] Accordingly, "[c]ourts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment which may be rendered." *Southern Cnty. Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 464 (Tex. App. Ct. 2000). Here, the money held by Eqip Global is of interest to JLF Defendants. So, the first element is met.

The second element is met because the Arbitration Award was issued by a court of competent jurisdiction. The 48th Judicial District of Tarrant County, Texas referred Plaintiff and JLF Defendants to arbitration pursuant to crossclaims by both parties including breach of contract related to their fee-sharing agreement. JLF Defendants point out that Plaintiff's claims were already actually litigated or could have been litigated during the Texas Arbitration. *Deaton v. Johnson*, No. 4:23-CV-00415-O, 2024 WL 920082, at *4 (N.D. Tex. Mar. 4, 2024). So, a final judgment was issued by a court of competent jurisdiction.

JLF Defendants meet the fourth element because the same claims are involved in both suits. Plaintiff has been attempting to circumvent res judiciata principles by filing the same causes of action in different forums. Plaintiff has attempted to relitigate the breach of contract claim and the validity of the Arbitration Award more than once. This Court dismissed those claims because they

[9] *Deaton v. Johnson*, No. 4:23-CV-00415-O, 2024 WL 920082 (N.D. Tex. Mar. 4, 2024).
[10] Defs.' Mot. Reopen Case and Injunctive Relief, Ex. A (Motion to Order Equip Global, As Successor to Garretson Resolution Group to Disburse the March 11, 2016 Lein), App. 2–19, ECF No. 97-1.
[11] Defs.' Mot. Reopen Case and Injunctive Relief 18, ECF No. 97.

had already been litigated and a final judgment entered by the Texas state courts. *Deaton*, No. 4:23-CV-00415-O, 2024 WL 920082, at *5.

2. <u>JLF Defendants' claim falls short as to the third element.</u>

It is the third element that bars this court from enjoining Rhode Island Superior Court from deciding Plaintiff's present Motion to Disburse. The Supreme Court has ordered lower courts to "assess[] the precise state of the record and what the earlier federal order *actually* said; it [does] not permit the District Court to render a *post hoc* judgment as to what the order was *intended* to say." *Chick Kam Choo*, 486 U.S. at 148 (citing *Atl. Coast Line R. Co.*, 398 U.S. 281) (emphasis in original). Turning to this Court's previous Order, this Court dismissed with prejudice all of Plaintiff's claims on res judiciata grounds, concluding that the Texas Final Arbitration Award precluded its review of Plaintiff's claims because a final judgment on the merits had been rendered by a court of competent jurisdiction. *Deaton*, No. 4:23-CV-00415-O, 2024 WL 920082. The claims on the merits was not addressed.

Presently, Plaintiff's Motion to Disburse attempts to once again challenge the validity of the Texas Final Arbitration Award of 2024 to get another bite at the apple, but this Court's hands are tied. Since this Court did not actually adjudicate the underlying merits of the claims, this Court does not have the authority to apply the relitigation exception. *Chick Kam Choo*, 486 U.S. at 148 ("an essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court"). As *Atlantic Coast* instructs lower courts, this element must be held to a "strict and narrow" standard. *Id.*; *see generally Atl. Coast Line R. Co.*, 398 U.S. 281.

It is the responsibility of JLF Defendants to urge the Rhode Island Superior Court to give full faith and credit to the Texas Arbitration Order of 2024. Therefore, JLF Defendants' Motion to

Enjoin the Rhode Island Superior Court from Adjudicating Plaintiff's Motion to Disburse is **DENIED**.

**B. Enjoining Plaintiff Under the All Writs Act is Unwarranted.**

Plaintiff's actions do not "diminish[] the [C]ourt's power to bring the litigation to its natural conclusion" because the question presently before the Rhode Island Superior Court was not litigated nor decided by this Court. *Barton*, 569 F.2d at 1358–59. JLF Defendants claim that Plaintiff, a vexatious litigant, brings the state court action to relitigate matters already decided.[12] Additionally, they ask this Court to require Plaintiff to "withdraw his Motion to Disburse with prejudice" and to "prevent[] him from taking any position in any future litigation" that is contrary to the Texas Arbitration Award.[13] Plaintiff's actions do not disturb this Court's judgment. *Barton*, 569 F.2d at 1358–59. Plaintiff's Motion to Disburse calls into question the validity, perhaps, of the Final Arbitration Award entered by the Texas state court. However, it is the Rhode Island Superior Court's duty to decide whether the claims before it have already been litigated such that res judiciata applies. Because the All Writs Act must be applied narrowly, we refuse to enjoin Plaintiff.

For Plaintiff to be deemed a vexatious litigant, the Fifth Circuit requires the JLF Defendants to proffer clear and convincing evidence that "*every* facet of [this] litigation was patently meritless" as well as evidence of Plaintiff's "bad faith, improper motive, or reckless disregard of the duty owed to the court." *Bryant v. Mil. Dep't of Mississippi*, 597 F.3d 678, 694 (5th Cir. 2010) (quoting *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525–26 (5th Cir. 2002) (emphasis in original)).

[12] Defs.' Mot. Reopen Case and Injunctive Relief 27, ECF No. 97.
[13] *Id.*

This Court is not persuaded that the evidence presented meets the considerably high burden demanded by the Fifth Circuit precedent to merit an injunction against Plaintiff and to deem him a vexatious litigant. Accordingly, the Court concludes that all relief prayed in JLF Defendants' Motion to Enjoin Deaton should be **DENIED**.

### C. The Court Refuses to Order Parties to Arbitration.

Additionally, JLF Defendants ask this Court to order arbitration for any conceivable remaining disputes. Because this Court's order of March 3, 2024 concluded that any claims or disputes that have been brought or could have been brought by Plaintiff during the Texas Arbitration were barred from litigation, the Court does not find it necessary to order parties to arbitrate. Once again, it is Rhode Island Superior Court's responsibility to decide whether the case before them is barred by res judicata such that the claim must be dismissed, or that there are remaining claims that must be adjudicated such that arbitration may be warranted. Therefore, JLF Defendants' Motion to Order Arbitration is **DENIED**.

## IV. CONCLUSION

It is hereby **ORDERED** that JLF Defendants' Motion to Reopen this Matter and for Injunctive Relief, or Alternatively, Application for Arbitration (ECF No. 96) is **DENIED**.

The Court reminds Plaintiff of its warning from the Court's March 4, 2024, Order (ECF No. 94). Once again, Mr. John Deaton is hereby **WARNED** that his filing of any additional lawsuits in the Northern District of Texas, Fort Worth Division, which are of a similarly duplicative or antagonistic nature **SHALL** result in either a monetary sanction assessed against him, or an injunction restraining his capacity to file or otherwise appear in any prospective lawsuit in the Fort Worth Division without the preclearance of the District Court, or both.

**SO ORDERED** on this **14th day** of **September, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE